October 5, 2009                                       Rimma Vaks and Steve Mangano
                                                      103 Puritan Lane,
                                                      Swampscott, MA 01907

US District Court for the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way,
Boston, MA 02210

**RE: Vaks, et al v. Grenier, et al**
**Case No. 09-CV-10738-MLV**

The following is the Appellees response to the Appellant letter in which he provided additional authority to the argument he made in his Brief as to the Bankruptcy Court's jurisdiction to enter money award on the nondischargeability claim.

In the Massachusetts district, Judge Hillman, a member of the panel majority *In re Cambio*, and Judge Boroff have held that bankruptcy courts lack jurisdiction to liquidate nondischargeable debts in no asset cases while two other judges, Judge Feeney and Judge Rosenthal, have agreed with unanimous decision of all circuit courts of appeal that such jurisdiction exists. See *Rinella v. Bartlett (In re Bartlett)*, 397 B.R. 610, 623 n. 13 (Bankr. D. Mass. 2008) (Chief Judge Boroff); *Baker v. Friedman (In re Friedman)*, 300 B.R. 149 (Bankr. D. Mass. 2003)( Judge Feeney). On August 21, 2009 Judge Rosenthal entered final order and money award (trebled under G.L. 93A) to the Plaintiffs (*219 Forest Street LLC et al v. LBM Financial, LLC et al*, AP. NO. 07-4097. Please see attached Exhibit A.

Bankruptcy Court Judges are not bound by BAP decisions as the Appellant implies. BAP opinions are not binding, because they should be given no more precedential weight than a decision of a district court. The decision of the District Court binds the parties in the case, but because there may be multiple district judges in each district; often times the district court judges in the same district do not agree with each other. Similarly, Bankruptcy Appellate Panel decisions do not have precedential effect over either Bankruptcy courts or District courts. See

*Daly v. Deptula* (*In re* Carrozzella & Richardson), 255 B.R. 267, 273 (Bankr. D. Conn. 2000) (rejecting argument that substantial motivation of Congress in creating BAPs was to generate a uniform body of bankruptcy law within the circuits, concluding that there is no principled reason why decisions of a BAP should have more precedential authority than those of district courts, and finding it odd and unseemly, if not unconstitutional, for a BAP—comprised of three non-Article III judges—to be generating for bankruptcy judges, and perhaps also for district judges, the law of the circuit until the circuit court had spoken), *In re Virden*, 279 B.R. 401, 409 n.12 (Bankr. D. Mass. 2002) (quoting *In re Carrozzella*, 255 B.R. at 272-73), (finding the Keach decision contradictory and noting that BAP decisions are only persuasive authority and not binding upon the bankruptcy courts).

At the same time the Appellees would like to present this Court with the article written by professor Brubaker in April of 2009 following publishing of the Fifth's Court decision *In Re Morrison,* in which professor makes comprehensive analysis of the Bankruptcy Court jurisdiction to enter money judgment from legal and historical perspective. In his analysis professor Brubaker agrees with all circuits that the Bankruptcy Courts have jurisdiction to enter money judgment, and points at flaws of the *Pacor test* on which the *Cambio* Court relied on, concluding that simply "the Pacor was wrong". Please see attached Exhibit B.

Rimma Vaks

Steve Mangano

Cc: Thomas Flannagan via email